IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,

    Plaintiff,

vs.

WILLIAM ASPERI, an individual,
TABATHA GOODRICH, an individual,
ALEXANDER FELDMAN, M.D., an individual,
UPTOWN BRAIN INJURY AND PAIN MANAGEMENT, P.C., a Colorado corporation,
ADVANCED NEUROLOGICAL EVALUATION AND TREATMENT CENTER, a Colorado corporation

    Defendants.

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Philadelphia Indemnity Insurance Company, by and through its attorneys, the law firm of Lambdin & Chaney, LLP, and for its Complaint and Jury Demand alleges as follows:

### I.    JURISDICTION AND PARTIES

1. Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

2. Defendant William Asperi is a resident of the state of Kentucky.

3. Defendant Tabatha Goodrich is a resident of the state of Colorado.

4. Defendant Alexander Feldman, M.D. is a resident of the state of Colorado.

5. Defendant Uptown Brain Injury and Pain Management, P.C. is a Colorado corporation ("Uptown").

6. Defendant Advanced Neurological Evaluation and Treatment Center, P.C. is a Colorado corporation ("Advanced").

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

8. Plaintiff is of diverse citizenship from the Defendants. The matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332, $75,000.

9. Declaratory relief is authorized and appropriate in this action and all necessary parties are before the Court pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

10. An actual controversy exists between the parties regarding coverage afforded under the insurance policy identified herein.

11. The controversy is justiciable in character, and the relief requested herein is necessary to declare the parties' contractual rights, duties, and obligations.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this controversy occurred

## II.     FACTUAL BACKGROUND

13. PIIC incorporates by reference the allegations contained in all preceding paragraphs as if set forth fully herein.

14. On November 14, 2014, William Asperi completed a Professional Liability Insurance Application that was submitted to PIIC, attached as **Exhibit 1**.

15.     William Asperi answered "**NO**" all of the following **Qualification Questions**:

**Qualification Questions**

1. Have you ever been refused coverage for professional liability or malpractice insurance or has your malpractice or professional liability insurance ever been canceled or declined for renewal (non-renewed)? No

2. Has any claim or suit ever been brought against you for alleged malpractice or professional liability, or are you aware of any incident or existing circumstances that might reasonably lead to a claim or suit? No

3. Have you ever been convicted of a misdemeanor or felony? No

4. Have you ever had your license, certification or registration suspended, revoked, or placed on probation by a licensing board, board of examiners, or any other governmental entity that regulates your profession? Have you ever received a citation or paid a fine as a result of a board proceeding? Have you ever surrendered, either voluntarily or otherwise, your license, certification, or registration? No

5. Have you ever been accused of sexual misconduct or any professional impropriety? No

6. Have any complaints ever been filed against you with a licensing board, peer review committee or an ethics committee of a professional association, hospital, health care facility, or any other governmental or private entity? No

7. Do you know of any reason why you cannot comply with the legal, ethical, or professional standards set by law, by regulation, by a peer review committee or by an applicable code of ethics in any jurisdiction where you provide services? No

16.     The Application contained the following **Acknowledgements and Agreements**:

**Acknowledgments and Agreements**

I certify that I hold the highest credentials or standards appropriate for my selected occupation as mandated by my state statuatory guidelines.
I declare the information contained in the application is true and that no material facts have been suppressed or misstated.
I understand that incorrect information could void the insurance coverage.
I acknowledge that my providing my credit card number does not bind the Company to complete the insurance.
It is agreed that this application shall be the basis of the contract should a policy be issued.

17.     Based on Defendant Asperi's representations, PIIC issued an Allied Healthcare Providers Professional and Supplemental Liability Insurance Policy to William A. Asperi, policy number PHCPE193329, effective from November 14, 2014 to November 14, 2015 (the Policy), attached as *Exhibit 2*.

3

18. The Declarations lists Asperi's Professional Occupation as Master Level Psychologist.

19. The Policy provides that any coverage would be provided in reliance on all statements and information provided to PIIC, including all statements made in the application form, its attachments and the material incorporated therein.

20. The Policy provides under **E. Representations**, by accepting the Policy, Asperi agreed that:

    a. The statements in the application and any supplement were accurate and complete;

    b. Those statements were based upon representations Asperi made to PIIC; and

    c. PIIC issued the Policy in reliance on Asperi's representations.

21. The Policy ended on November 14, 2015, and did not renew.

22. On June 20, 2017, Tabatha Goodrich filed a complaint against Asperi, Feldman, Uptown and Advanced in Denver County District Court, case number 2017CV32255 (the "Underlying Lawsuit"). The allegations in the Underlying Lawsuit included *inter alia*:

    a. On or about January 8, 2015, [Goodrich] entered into a therapeutic relationship with the medical team at Defendants Advanced and Uptown.

    b. On January 8, 2015, [Goodrich] was prescribed computerized cognitive testing, cognitive therapy, a neuropsychological evaluation and psychotherapy for "symptoms of post concussive syndrome."

c. On or about June 11, 2015, Plaintiff underwent a NeuroTrax evaluation.

d. A follow-up exam was conducted at Defendants Advanced and/or Uptown on June 15, 2015, and a Care Plan was created which included a recommendation that "[Goodrich] to be evaluated by Will Asperi neuropsych specialist for persistent neurocognitive deficits."

e. On or about June 21, 2015 and June 27, 2015, [Goodrich] underwent a Neuropsychological Assessment with Defendant Asperi.  [Goodrich] entered a therapeutic relationship with Defendant Asperi, specifically, at the onset of the evaluation pursuant to Colorado Neuropsychological Society guidelines for practice.  Defendant Asperi prepared a report entitled "Neuropsychological Assessment" dated July 6, 2015 with treatment recommendations for [Goodrich].

f. On or about June 27, 2015, during the second day of the neuropsychological evaluation, Defendant Asperi took [Goodrich] out to lunch at Pho Golden Restaurant.

g. Over the next several weeks, Defendant Asperi began a long-term relationship with [Goodrich}.  Defendant Asperi promised [Goodrich] that if she stayed with him, she would be able to live a normal life.

h. Defendant Asperi also engaged in a sexual relationship with [Goodrich] that lasted approximately eight months and occurred several times per week.

i. Defendant Asperi encouraged [Goodrich] to contact Defendants Advanced and/or Uptown to schedule therapy sessions with him.  He also spent much

5

of their time together psychoanalyzing [Goodrich] telling her that he was trying to find out what was wrong with her. Defendant Asperi diagnosed [Goodrich] with Borderline Personality Disorder.

j. As a result of the sexual relationship, [Goodrich] became pregnant.

23. Goodrich alleges that Asperi violated numerous provisions of the Mental Health Act, C.R.S. § 12-43-101 *et seq.*

24. PIIC was provided notice of the lawsuit on August 11, 2017.

25. PIIC is currently providing a defense to Asperi pursuant to a reservation of rights.

26. Defendants Feldman, Uptown and Advanced have tendered their defense and indemnification to PIIC based on an Independent Contractor Agreement with Asperi. PIIC has not accepted the tender of defense.

27. Based on material misrepresentations made in the application of insurance, PIIC is rescinding the Policy and requesting this Court declare the Policy to be void.

28. Without being an exhaustive recitation of the misrepresentations as discovery is ongoing, PIIC became aware of the following facts during the pendency of the Underlying Lawsuit:

a. That Asperi had a lengthy criminal record that spanned more than two decades, which included more than two dozen criminal cases and a felony conviction before he applied for insurance with PIIC in 2014;

b. Most recently, in 2016, Asperi was charged with stealing rocking chairs off a porch; in 2017, Asperi was charged with operating a vehicle without a license,

      possession of drug paraphernalia and a forged instrument; and in 2018, Asperi was charged with criminal trespass, possession of drug paraphernalia and cocaine.

    c. That on May 6, 2014, Asperi submitted false, misleading, incomplete and fraudulent information in his Application for Registration with the Colorado State Board, specifically with regard to his physical and mental condition and his criminal record, which the Board relied on when it approved the Application on October 3, 2014. Once discovered, the Board suspended Asperi from the practice of psychotherapy on September 22, 2015, and issued a revocation on June 14, 2016.

    d. That on October 31, 2014, a complaint was made against Asperi with the Colorado State Board of Psychotherapists.

29. Alternatively, PIIC is requesting a declaration that there is no coverage under the policy based on the following exclusions:

    a. Arising out of any occupation, business, profession, or personal activity other than the profession specified in the Declarations;

    f. Arising out of [Asperi's] intentional wrongful acts;

    j. Arising from **advertising injury** or **personal injury**. However, this exclusion does not apply to **personal injury** when the offense arises out of a **professional incident** and the **personal injury** does not arise out of:

      (1) Oral or written publication of materials, if done by [Asperi] or at [Asperi's] direction with knowledge of its falsity;

7

    (2)    Oral or written publication of material, whose first publication took place before the beginning of the policy period; or

    (3)    The willful commission of a criminal act(s);

o. Arising out of [Asperi's] gaining any personal profit or advantage to which [Asperi] is not legally entitled;

q. Arising out of any criminal, dishonest, fraudulent or malicious act or omission. This exclusion does not apply to any of **you** who did not:

    (1)    Personally participate in committing any such act; or

    (2)    Remain passive after having personal knowledge of any such act or omission.

u. Physical abuse, sexual abuse or licentious, immoral or sexual behavior whether or not intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by [Asperi]. However, PIIC will defend any civil suit against [Asperi] seeking amounts that would be covered if this exclusion did not apply. In such case, PIIC will only pay fees, costs and expenses of such defense. PIIC's duty to defend will cease upon admission of guilt by [Asperi], or if [Asperi] is adjudicated guilty or liable. PIIC will have no obligation to appeal any such judgment or adjudication; and

v. Any claim arising from professional services that [Asperi] provides when:

    (1)    [Asperi] is not properly licensed or certified by the laws of the state(s) in which [Asperi] provides such services; or

8

(2) Such services are not authorized or permitted by the laws of the state(s) in which [Asperi's] professional services are provided.

30. PIIC is also requesting a declaration that Feldman, Uptown and Advanced do not qualify as insureds under the PIIC policy.

31. Pursuant to **SECTION II – WHO IS AN INSURED**, only the individual designated in the Declarations is an insured.

32. William A. Asperi is the only individual designated in the Declarations.

33. No other individual, association, partnership, or corporation is designated in the Declarations.

34. There is no endorsement making either Feldman, Uptown or Advanced an additional insured.

35. Moreover, the PIIC Policy would be excess in any event to Feldman, Uptown or Advanced based on **D. OTHER INSURANCE**, which makes the PIIC Policy excess to any other insurance.

### III.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment – All Defendants)**

36. PIIC incorporates all the preceding paragraphs as if fully set forth herein.

37. PIIC seeks declaratory judgment, pursuant to the Federal Declaratory Judgments Law, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. 57, on the following points:

   a. that PIIC is entitled to rescind and/or void the Policy;

   b. that no defense or indemnity is owed under the Policy for the Underlying Lawsuit;

    c. that the Court issue an order that Feldman, Uptown and Advanced do not qualify as insureds under the Policy;

    d. for such other and further declaration(s) and relief as this Court deems just and proper under the circumstances.

38. In requesting this declaratory relief, PIIC is requesting an interpretation of the rights, legal status, and legal relations of the Parties pursuant to the above law and facts.

39. Requesting such an interpretation, and the Court thereafter providing such an interpretation, is appropriate under the provisions of the Federal Declaratory Judgments Law, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. 57.

### SECOND CLAIM FOR RELIEF
### (Fraudulent Concealment – Defendant Asperi)

40. PIIC incorporates all the preceding paragraphs as if fully set forth herein.

41. In completing the Application, Asperi fraudulently concealed one or more material facts.

42. Asperi concealed materials facts with the intent of creating a false impression of the actual facts in the mind of PIIC.

43. Asperi concealed material facts with the intent that PIIC take a course of action – namely, issue liability insurance – that it would not have taken if PIIC had known the actual facts.

44. PIIC issued a liability policy to Asperi on the assumption that the concealed facts did not exist or that the concealed facts were different from the actual facts.

45. PIIC's reliance was justified.

46. PIIC's reliance caused it suffer damages in an amount to be proven at trial.

**WHEREFORE**, Philadelphia Indemnity Insurance Company respectfully requests the following relief:

- that the Court issue an order of rescission or voidance of the Policy;
- that the Court issue a declaratory judgment that no defense or indemnity is owed under the Policy for the Underlying Lawsuit;
- that the Court issue an order that Feldman, Uptown and Advanced do not qualify as insureds under the Policy;
- that the Court order Asperi to repay PIIC for the defense that it provided under the Policy;
- that the Court award PIIC interest, fees and costs to the full extent permitted by Law; and
- the Court grant PIIC such other and further relief as it deems appropriate.

**PLAINTIFF DEMANDS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 17th of September, 2018.

s/ *L. Kathleen Chaney*
L. Kathleen Chaney, Esq.
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:  kchaney@lclaw.net
*Attorneys for Plaintiff Philadelphia Indemnity Insurance Company*

Plaintiff's Address:
One Bala Plaza
Suite 100
Bala Cynwyd, PA 19004

11