IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02372-CMA-NRN

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

    Plaintiff,

v.

WILLIAM ASPERI,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
_____

This matter is before the Court upon Plaintiff Philadelphia Indemnity Insurance Company's Motion for Default Judgment as Against William Asperi. (Doc. # 15.) For the reasons that follow, default judgment shall be entered against Defendant William Asperi.

## I.     BACKGROUND

On November 14, 2014, Defendant completed a Professional Liability Insurance Application and submitted it to Plaintiff. (Doc. # 1 at 2.) As part of the application, Plaintiff made a number of false representations, including that he had never been convicted of a misdemeanor or a felony. Based on the information in the application, Plaintiff issued an Allied Healthcare Providers Professional and Supplemental Liability Insurance Policy (the "Policy"), which was effective from November 14, 2014, to November 14, 2015. The terms of the Policy provide, *inter alia*:

> We will pay on your behalf those sums that you become legally obligated to pay as damages because of a professional incident that takes place in the coverage territory and occurs during the policy period. The professional incident must result from the practice of the profession shown in the Declarations.

(Doc. # 1-2 at 3.) The Declarations list Defendant's profession as a "Master Level Psychologist." The Policy ended on November 14, 2015, and did not renew.

On June 20, 2017, Tabatha Goodrich filed a complaint against Defendant in Denver County District Court, case number 2017CV32255 (the "underlying lawsuit"). In the underlying lawsuit, Ms. Goodrich indicated that beginning in January 2015, she had been treated by Defendant, who claimed to be a "Registered Psychotherapist in the State of Colorado [and] held himself out as having knowledge and skill in the field of neuropsychology and psychology." (Doc. # 15-2 at 2.) However, Defendant's registration was based on Defendant's submission of "false, misleading, incomplete and fraudulent information in his Application for Registration with the Colorado State Board, specifically with regard to his physical and mental condition and his criminal record, which the Board relied on when it approved the Application on October 3, 2014." (Doc. # 1 at 7.) Defendant made similar representations when he submitted his insurance application to Plaintiff the next month. Defendant was suspended from the practice of psychotherapy on September 22, 2015.

Defendant's fraudulently obtained credentials allowed him to provide mental health services to Ms. Goodrich. During the course of their treatment relationship, Defendant began a romantic relationship with Ms. Goodrich. Defendant "promised [Ms. Goodrich] that if she stayed with him, she would be able to live a normal life." (Doc. # 1

at 5.) Additionally, Defendant spent substantial time psychoanalyzing Ms. Goodrich, "telling her that he was trying to find out what was wrong with her," and he eventually diagnosed Ms. Goodrich with Borderline Personality Disorder. Ms. Goodrich subsequently became pregnant as a result of her relationship with Defendant. Defendant's conduct gave rise to the underlying lawsuit in which Ms. Goodrich sued Defendant for multiple claims including negligence.

Plaintiff was provided notice of the underlying lawsuit on August 11, 2017, and Plaintiff is currently providing a defense to Defendant pursuant to a reservation of rights. Plaintiff initiated the instant action seeking declaratory relief with respect to the validity of the Policy and argues that the Policy should be declared void because Defendant made material misrepresentations in the application on which the Policy was based.

Plaintiff personally served Defendant with a summons and copy of the Complaint on November 16, 2018. (Doc. # 9.) Defendant did not answer or otherwise appear. The clerk then entered default on December 11, 2018, and Plaintiff filed this motion for default judgment on January 4, 2019. (Doc. ## 11, 15.)

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the court shall enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). Default judgment may be entered by the clerk of court if the claim is for "a sum certain," Fed. R. Civ. P. 55(b)(1), in all other cases, as here, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary

process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

A default amounts to an admission of liability, and all well-pleaded allegations in the complaint pertaining to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); *Lyons P'ship, L.P. v. D&L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 109 (E.D.N.Y. 2010). It "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Leider v. Ralfe*, No. 01 Civ. 3137 (HB) (FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

In addition to, or in lieu of, damages and costs, courts are empowered to grant declaratory relief following default. *Continental Ins. Co. v. Huff Enters. Inc.*, No. 07-cv-3821 (NGG), 2009 WL 3756630, at *3 (E.D.N.Y. Nov. 6, 2009). Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, the Court may enter a judgment declaring "the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. Declaratory relief is appropriate "(i) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (ii) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to

4

the proceedings." *Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, 196 F. Supp. 2d 378, 384 (S.D.N.Y. 2002) (quoting *Md. Cas. Co. v. Rosen*, 445 F.2d 1012, 1014 (2d Cir. 1971)). In the context of a default judgment, a plaintiff "must . . . establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *PHL Variable Ins. Co. v. Bimbo*, No. 17-CV-1290 (FB) (ST), 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, No. 17-CV-1290 (FB) (ST), 2018 WL 4689580 (E.D.N.Y. Sept. 28, 2018) (quoting *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, No. 07CV5150 (SJ) (SMG), 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009)).

## III. ANALYSIS

### A. THIS COURT HAS JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332. The parties are completely diverse and the amount in controversy exceeds the $75,000 statutory threshold. (Doc. # 1 at 1–2.) Further, this Court has personal jurisdiction over Defendant based on Defendant's contacts with the forum. (Doc. # 15 at 2–3.) Therefore, adjudication of this matter is appropriate.

### B. DEFENDANT HAS DEFAULTED

It is manifest from the record that Defendant has defaulted. Plaintiff served Defendant via personal service on November 16, 2018. (Doc. # 9 at 1.) Defendant has nevertheless failed to answer the Complaint or otherwise respond, and the time to do so

has long since expired. *See* Fed. R. Civ. P. 12(a). The clerk, therefore, properly entered a certificate of default against him. (Doc. # 11.)

**C.    PLAINTIFF'S REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff seeks a declaratory judgment finding that the Policy is rescinded and voided and that there is no defense or indemnity owed under the Policy for the underlying law suit. (Doc. # 15 at 5.)

Under Colorado law, when a policyholder misrepresents material facts to obtain insurance, the provisions obtained under those circumstances are void from their inception. *Nationwide Mut. Ins. Co. v. Mrs. Condies Salad Co.*, 141 P.3d 923, 925 (Colo. App. 2006) (citing *Safeco Ins. Co. v. Gonacha*, 350 P.2d 189, 191 (Colo. 1960)). Materiality is established if a false or concealed fact materially affected either the risk accepted or the hazard insured against such that the insurer would not have included the coverage provision had it been truthfully informed. *Id.* (citing *State Comp. Ins. Fund v. Indus. Comm'n*, 737 P.2d 1116, 1118 (Colo. App. 1987)).

In the instant case, Plaintiff has shown that it may void the Policy. Defendant explicitly represented, *inter alia*, that he had never been convicted of a misdemeanor or a felony. (Doc. # 1 at 2.) Moreover, by executing the agreement, Defendant acknowledged that he understood "that incorrect information could void the insurance coverage." (*Id.*) However, Defendant has "a lengthy criminal record that span[s] more than two decades, [and] include[s] more than two dozen criminal cases and a felony conviction before he applied for insurance with [Plaintiff] in 2014." (*Id.* at 6.) Therefore, Defendant misrepresented facts in his insurance application.

6

Additionally, Plaintiff has shown that Defendant's misrepresentations were material. The Policy indicates that any coverage would be provided in reliance on all statements and information included in the application. (*Id.* at 4) Therefore, Plaintiff's decision to issue coverage was made in reliance on Defendant's misrepresentations and Plaintiff would not have issued the coverage if it had truthful information. *See* (*id.*). Therefore, the Policy was void *ab initio*, which is to say void from its inception. *Nationwide*, 141 P.3d at 925.

A "covenant or provision that is void *ab initio* is null from the beginning, as from the first moment when a contract is entered into." *Wells Fargo Ins. Servs. USA, Inc. v. McQuate*, 276 F. Supp. 3d 1089, 1104 (D. Colo. 2016) (quoting *Phoenix Capital, Inc. v. Dowell*, 176 P.3d 835, 840 (Colo. App. 2007) (quoting *void ab initio*, BLACK'S LAW DICTIONARY (7th ed. 1999))). Therefore, where, as here, a contract is void *ab initio*, "the party penalized has no rights thereunder." *Benham v. Heyde*, 221 P.2d 1078, 1082 (Colo. 1950). Accordingly, this void Policy does not impose on Plaintiff any duty to defend or indemnify Defendant for any claim related to the underlying law suit.

## IV.     CONCLUSION

Based on the preceding analysis, the Court ORDERS as follows:

1. Plaintiff's Motion for Default Judgment as Against William Asperi (Doc. # 15) is GRANTED;
2. The Policy is rescinded and voided; and

3. Plaintiff does not owe Defendant a duty of defense or indemnification with respect to the underlying lawsuit.

DATED: February 13, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge